# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| CRAZY DEBBIE'S FIREWORKS LLC d/b/a RED RHINO FIREWORKS,<br><br>    Plaintiff,<br><br>    v.<br><br>DYNOMITE FIREWORKS, LLC, et al.,<br><br>    Defendants. | Case No. 2:18-cv-02323-HLT-KGS |

## MEMORANDUM AND ORDER

Plaintiff Crazy Debbie's Fireworks LLC d/b/a Red Rhino Fireworks asserts claims against Defendants Dynomite Fireworks, LLC and Dynomite Wholesale, LLC for unfair competition and false designation of origin under federal law and for state-law trademark infringement and unfair competition based on Defendants' alleged appropriation of Plaintiff's mark in promoting and selling their product. Doc. 1. Defendants move to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(2) for lack of personal jurisdiction or, in the alternative, to transfer venue. Doc. 8. The Court concludes that it lacks personal jurisdiction over Defendant Dynomite Fireworks, LLC,[1] but, rather than dismissing this action, the Court transfers the case to the United States District Court for the Western District of Missouri pursuant to 28 U.S.C. § 1631.

## I.    BACKGROUND

Consistent with the standard for Rule 12(b)(2) motions, the following background accepts as true Plaintiff's well-pleaded factual allegations (unless controverted by affidavit) and resolves all factual disputes in the affidavits in Plaintiff's favor.

---

[1] The Court makes no finding as to personal jurisdiction over Defendant Dynomite Wholesale, LLC. *See infra* note 6.

**A. The Parties**

Plaintiff is a wholesale fireworks distributor with its principal place of business in Joplin, Missouri. Doc. 1 ¶¶ 2, 9. Among its products, Plaintiff markets and sells fireworks bearing a mark entitled "ASSASSIN." *Id.* at ¶ 10. Plaintiff uses this mark on its website and in its catalogs to advertise and promote its ASSASSIN-branded fireworks. *Id.* at ¶¶ 10-12.

Defendant Dynomite Fireworks, LLC ("Dynomite Retail")—a retail-seller of fireworks—is a Missouri limited liability company whose sole member resides in Missouri.[2] Doc. 8-2 ¶¶ 2-4. Dynomite Retail also sells fireworks with a mark entitled "ASSASSIN." Doc. 1 ¶ 14. Dynomite Retail operates a storefront location in Seymour, Missouri, along with seasonal fireworks stands in Missouri and Arkansas. Doc. 8-2 ¶ 4. All of Dynomite Retail's third-party vendors are located in Missouri. *Id.* at ¶ 18. Dynomite Retail does not have any offices or physical locations in Kansas, it does not have any employees or sales representatives in Kansas, and its employees do not travel to Kansas to solicit business. *Id.* at ¶¶ 6-7, 14. Dynomite Retail does not direct its advertising to residents of, or businesses in, Kansas and has never sold any fireworks in Kansas. *Id.* at ¶¶ 12, 16.

Defendant Dynomite Wholesale, LLC ("Dynomite Wholesale") is a wholesale-seller of fireworks, which, like Dynomite Retail, is a Missouri limited liability company with a Missouri resident as its sole member. *Id.* at ¶¶ 2, 20-21. Dynomite Wholesale is the owner of USPTO Registration No. 4936828 for the trademark "ASSASSIN" for fireworks, and, like Dynomite Retail, markets and sells ASSASSIN-branded fireworks. *Id.* at ¶ 23; Doc. 1 ¶ 14. Dynomite Wholesale's only physical location is in Seymour, Missouri. Doc. 8-2 ¶ 22. All of Dynomite Wholesale's third-party vendors are located in Missouri. *Id.* at ¶ 41. Dynomite Wholesale does not

---

[2] Dynomite Retail's sole member is Anthony Kelly, who has submitted an affidavit in support of Defendants' motion to dismiss or, in the alternative, to transfer. Doc. 8-2 ¶ 2. Kelly is also the sole member of Dynomite Wholesale. *Id.*

have any offices or physical locations in Kansas, it does not have any employees or sales representatives in Kansas, and its employees do not travel to Kansas to solicit business. *Id.* at ¶¶ 25-26, 31. Dynomite Wholesale advertises its products nationwide and offers a print catalog that can be requested by customers or prospective customers. *Id.* at ¶¶ 33-34. Dynomite Wholesale's catalog has been requested by and mailed to eight customers with a Kansas address. *Id.* at ¶ 36. Since 2012, Dynomite Wholesale has received a total of $4,565.00 for the sale of ASSASSIN-branded fireworks to customers with a Kansas address. *Id.* at ¶ 39. Kansas customers have accounted for less than one percent of Dynomite Wholesale's sales of its fireworks (regardless of branding) since 2012. *Id.* at ¶ 40.

Dynomite Retail and Dynomite Wholesale also jointly operate a website where customers can purchase their products—including ASSASSIN-branded fireworks—at retail or wholesale. Doc. 11 at 2; Doc. 11-1 ¶ 3; Doc. 11-2.

### B. The Dispute

Plaintiff filed this action on June 15, 2018, asserting claims against Defendants for unfair competition and false designation of origin under the Lanham Act, 15 U.S.C. §§ 1051, *et seq.*, and claims for trademark infringement and unfair competition in violation of Kansas law. Doc. 1. Plaintiff alleges Defendants infringed upon its rights by using the ASSASSIN mark to promote and sell their fireworks. *Id.* at ¶ 14. Plaintiff claims Defendants' adoption of the mark to offer and sell ASSASSIN-branded fireworks is likely to cause confusion, mistake, or deception regarding the origin, sponsorship, or approval of Defendants' fireworks, causing consumers to incorrectly assume that Plaintiff is affiliated with Defendants. *Id.* at ¶¶ 29, 37.

## II. ANALYSIS

Defendants move to dismiss this action pursuant to Rule 12(b)(2), arguing that the Court lacks personal jurisdiction. Doc. 9 at 6-17. In the alternative, Defendants request that the Court transfer venue to the United States District Court for the Western District of Missouri pursuant to 28 U.S.C. § 1404(a). *Id.* at 18-21. In its response, Plaintiff relies heavily on Defendants' website and Dynomite Wholesale's Kansas sales in arguing against dismissal. Doc. 11 at 8-12. Plaintiff does not, however, oppose transfer of venue. *Id.* at 12.

### A. Personal Jurisdiction

A plaintiff bears the burden of establishing personal jurisdiction. *OMI Holdings, Inc. v. Royal Ins. Co. of Can.*, 149 F.3d 1086, 1091 (10th Cir. 1998). However, in the preliminary stages of litigation this burden is "light" and where, as here, "there has been no evidentiary hearing, and the motion to dismiss for lack of jurisdiction is decided on the basis of affidavits and other written material, the plaintiff need only make a prima facie showing that jurisdiction exists." *Intercon, Inc. v. Bell Atl. Internet Sols., Inc.*, 205 F.3d 1244, 1247 (10th Cir. 2000) (quoting *Wenz v. Memery Crystal*, 55 F.3d 1503, 1505 (10th Cir. 1995)). Courts accept as true all well-pleaded, non-conclusory facts alleged by the plaintiff, unless those facts are controverted by affidavit. *Id.* All factual disputes in the parties' affidavits are to be resolved in the plaintiff's favor. *Id.*

Because the Lanham Act does not provide for nationwide service of process, the Court applies the law of the forum state. *Capitol Fed. Sav. Bank v. E. Bank Corp.*, 493 F. Supp. 2d 1150, 1158 (D. Kan. 2007). The Kansas long-arm statute is construed to allow jurisdiction to the full extent permitted by due process. *Federated Rural Elec. Ins. Corp. v. Kootenai Elec. Coop.*, 17 F.3d 1302, 1305 (10th Cir. 1994) (citing *Volt Delta Res., Inc. v. Devine*, 740 P.2d 1089, 1092 (Kan. 1987)). To satisfy due process, the nonresident defendant must have certain minimum contacts

with the forum such that the imposition of jurisdiction would not "offend traditional notions of fair play and substantial justice." *Int'l Shoe Co. v. State of Wash., Office of Unemployment Comp. & Placement*, 326 U.S. 310, 316 (1945) (internal quotations omitted).

The "minimum contacts" standard may be met in one of two ways. First, a defendant who has "continuous and systematic" contacts with the forum state brings itself within the general jurisdiction of that state. *OMI Holdings*, 149 F.3d at 1091. Second, where the activities of a defendant in a forum state are isolated or do not otherwise rise to the level necessary for an exercise of general jurisdiction, a court may exercise specific jurisdiction over the defendant if the defendant has "purposefully directed" its acts at residents of the forum and the claims at issue "arise out of or relate to" those activities. *Id.* at 1090-91. In its response to Defendants' motion, Plaintiff concedes that the Court lacks general jurisdiction over Defendants.[3] Therefore, the Court confines its analysis to specific jurisdiction.

The specific jurisdiction analysis is two-fold. *Id.* at 1091. First, the court must determine whether the nonresident defendant "has such minimum contacts with the forum state 'that he should reasonably anticipate being haled into court there.'" *Id.* (quoting *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297 (1980)). Within this inquiry, the court must evaluate whether the defendant purposefully directed its activities at the forum state and whether the plaintiff's claims arise out of actions by the defendant that create a substantial connection with the forum. *Id.* Second, if the court finds that the defendant has the sufficient minimum contacts, the court must consider whether an exercise of jurisdiction over the defendant is reasonable—i.e., whether it "offends traditional notions of fair play and substantial justice." *Id.* (internal quotations omitted).

---

[3] Although Defendants devote a substantial portion of their briefing to the argument that the Court lacks general personal jurisdiction over Defendants (Doc. 9 at 7-10), Plaintiff does not respond to this argument or otherwise assert that the Court has general jurisdiction. Plaintiff instead limits its argument entirely to the issue of specific jurisdiction. Doc. 11 at 8-12.

The Court finds that Dynomite Retail lacks the minimum contacts necessary to support the exercise of personal jurisdiction by the Court. There is no evidence that Dynomite Retail has purposely directed its advertising and sales of ASSASSIN-branded fireworks at Kansas residents. Dynomite Retail has no employees or physical locations in Kansas, and its employees do not travel to Kansas to solicit business. Doc. 8-2 ¶¶ 6-7, 14. Dynomite Retail operates only a storefront location in Seymour, Missouri, along with seasonal fireworks stands in Missouri and Arkansas— in other words, its physical presence is entirely confined to Missouri and Arkansas. *Id.* at ¶ 4. Dynomite Retail does not direct advertising to residents of, or businesses in, Kansas and, indeed, has never sold any fireworks in Kansas. *Id.* at ¶¶ 12, 16. All sales of ASSASSIN-branded fireworks to Kansas customers were made by Dynomite <u>Wholesale</u>, rather than Dynomite <u>Retail</u>. *Id.* at ¶¶ 16, 39. And, to the extent Dynomite Retail has infringed upon Plaintiff's alleged trademark through its use and sale of its ASSASSIN-branded fireworks, the purported infringement did not occur in Kansas. *See Blue Water Int'l, Inc. v. Hattrick's Irish Sports Pub, LLC*, 2017 WL 4182405, at *5 (M.D. Fla. 2017) ("[T]he considered weight of authority holds that trademark infringement and unfair competition occur where the alleged infringer sells a product.").

In its opposition, Plaintiff relies heavily on Dynomite Retail's website to establish jurisdiction. However, Plaintiff concedes that there must be something more than the mere <u>fact</u> of the website in order for the Court to exercise personal jurisdiction. Doc. 11 at 8-9; *see also Shrader v. Biddinger*, 633 F.3d 1235, 1241 (10th Cir. 2011) ("The maintenance of a web site does not in and of itself subject the owner or operator to personal jurisdiction, even for actions relating to the site, simply because it can be accessed by residents of the forum state."); *Inspired by Design, LLC v. Sammy's Sew Shop, LLC*, 200 F. Supp. 3d 1194, 1205 (D. Kan. 2016) (noting the Tenth Circuit's stance that the mere "maintenance" of a website does not subject a defendant to personal

jurisdiction). Here, there is no evidence that Dynomite Retail "expressly aimed" its conduct at Kansas via its website. Indeed, there is no evidence that Dynomite Retail has made any sales to Kansas customers via the website (as set forth above, there is no evidence that Dynomite Retail has made any sales to Kansas customers through <u>any</u> medium). Dynomite Retail merely maintains a website that is accessible in Kansas. This is not enough to subject Dynomite Retail to personal jurisdiction in this forum. In the absence of the requisite minimum contacts with the state of Kansas, the Court concludes that it lacks personal jurisdiction over Dynomite Retail.[4]

### B. Dismissal or Transfer

Although the Court finds that it lacks personal jurisdiction over Dynomite Retail, the Court is not bound to dismiss this action. Rather, the Court has the power to transfer this case to the United States District Court for the Western District of Missouri pursuant to 28 U.S.C. § 1631, which provides in pertinent part:

> Whenever a civil action is filed in a court . . . and that court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action . . . to any other such court in which the action . . . could have been brought at the time it was filed.

28 U.S.C. § 1631; *see also Trujillo v. Williams*, 465 F.3d 1210, 1222-23 (10th Cir. 2006). Where a court determines it lacks jurisdiction and the interests of justice require transfer rather than dismissal, the correct approach is to transfer pursuant to § 1631. *Trujillo*, 465 F.3d at 1223.[5]

Here, this action could have been brought in the United States District Court for the Western District of Missouri at the time it was filed—a fact neither party contests. Doc. 9 at 18-

---

[4] Because the Court finds that Dynomite Retail lacks the requisite minimum contacts with Kansas so as to be subject to personal jurisdiction here, the Court need not proceed to the "reasonableness" inquiry.

[5] Section 1631 applies in cases where either subject matter <u>or</u> personal jurisdiction is lacking. *Trujillo*, 465 F.3d at 1222 n.15. Although neither party raises § 1631 in their briefing, the Court may nonetheless transfer the action under § 1631 sua sponte. *Id.* at 1222.

21; Doc. 11 at 12. The Court further finds that it is in the interest of justice to transfer rather than dismiss this case. The parties' primary places of business are in Missouri. Doc. 1 ¶¶ 2-4. And, as Defendants argue in their motion, key witnesses and evidence are located in Missouri. Doc. 9 at 20. Moreover, both parties indicate they believe transfer would be appropriate under these circumstances. *Id.* at 18-21; Doc. 11 at 12. Accordingly, the Court transfers this case to the United States District Court for the Western District of Missouri pursuant to 28 U.S.C. § 1631.[6]

## III. CONCLUSION

THE COURT THEREFORE ORDERS that Defendants' motion to dismiss or, in the alternative, to transfer venue (Doc. 8) is GRANTED IN PART and DENIED IN PART. The Court lacks personal jurisdiction over Defendant Dynomite Fireworks, LLC. The Court makes no finding as to Defendant Dynomite Wholesale, LLC.

THE COURT FURTHER ORDERS that this case is transferred to the United States District Court for the Western District of Missouri pursuant to 28 U.S.C. § 1631. The Clerk of this Court is directed to send a copy of this order to the Clerk of the Court for the Western District of Missouri.

IT IS SO ORDERED.

Dated: December 13, 2018     /s/ *Holly L. Teeter*
                             HOLLY L. TEETER
                             UNITED STATES DISTRICT JUDGE

---

[6] Because the Court is transferring this action pursuant to § 1631, it makes no finding as to personal jurisdiction over Dynomite Wholesale. However, even if the Court were to consider the issue and conclude that it has jurisdiction over Dynomite Wholesale, the Court would transfer this action under 28 U.S.C. § 1404(a). Contrary to Plaintiff's assertions (Doc. 11 at 11), because Plaintiff is not a resident of this district, Plaintiff's choice of forum is given less deference. *See Emp'rs Mut. Cas. Co. v. Bartile Roofs, Inc.*, 618 F.3d 1153, 1168 (10th Cir. 2010). Moreover, as set forth in Part II.B, the interests of justice—and the convenience of the parties and witnesses—weigh in favor of transfer. The parties are in Missouri, the witnesses are in Missouri, and the documents and other evidence are in Missouri. Doc. 9 at 20. The factors considered by courts in evaluating change of venue pursuant to § 1404(a) thus warrant transfer. *See Emp'rs Mut.*, 618 F.3d at 1167 (listing factors).